# Horace R. Hillegass, Plff. in Err., *v.* William G. Hillegass.

If one takes possession of real property which he has purchased under a parol agreement to give bonds to pay the purchase money to the heirs of the vendor, the agreement is not within the statute of frauds; and one of the heirs may maintain an action to recover his share of the purchase money, even although no bond was given; so held where the defendant had, since the vendor's death, admitted his liability and promised to pay the amount in question.

(Decided April 5, 1886.)

Error to the Common Pleas, No. 1, of Philadelphia County

---

NOTE.—The statute of frauds will not apply to a parol contract for the sale of land, where it is so far executed that it would be inequitable to rescind it. Daisz's Appeal, 128 Pa. 572, 18 Atl. 414. So, where the party

to review a judgment for plaintiff in an action of *assumpsit.* Affirmed.

The facts of the case appear in the charge of the court below which was by PEIRCE, J., as follows:

This is an action brought by the plaintiff, William George Hillegass, against his brother, Horace Roland Hillegass, to recover a sum of money which it was alleged the defendant promised to pay to the children of their mother after the death of their mother. The transaction, according to the evidence, was this:

Mrs. Hillegass, the mother, was the owner of the property, 805 Girard avenue. She knew very well Mr. Henry Barndt, who had been acting as agent for her for a long time, and there was an agreement made between Mr. Barndt and her, according to the testimony of Mr. Barndt, that he would take the property at a fixed sum, $6,000; would give to Mrs. Hillegass his bonds to the amount of $4,000, the interest of which was to be paid to her during her lifetime; and the principal of these bonds to be paid after her death equally to four of her children or their descendants, and the balance of the money, $2,000, was to settle all claims against the estate.

Before this was consummated, the testimony of Mr. Barndt is that Horace R. Hillegass, the defendant, saw him, and some conversation was had between them in which the defendant suggested that he would take the place of Mr. Barndt in that arrangement, and that he would take the title to the property and pay for it according to the terms that Mr. Barndt had agreed to pay. Mr. Barndt said he had no objection, and that, if it was satisfactory to the defendant's mother, it was just as well that he should do it, as he was a son and a member of the family. Then, according to the testimony of Mr. Barndt, they met and had a conversation over the matter, and the defendant agreed to take the property on the same terms that Mr. Barndt had agreed to take it. Thereupon they met at Mr. Hennershotz's

enters upon the land, a properly executed deed having been taken back by the vendor, and retained, specific performance will be granted. Graft v. Loucks, 138 Pa. 453, 21 Atl. 203. Likewise, this will be done where the vendee enters upon the land and makes improvements. Schney v. Schaeffer, 130 Pa. 16, 18 Atl. 544.

office, and the arrangement was consummated, and the only thing thereafter to be done was to vest the title of the property in Horace R. Hillegass, which was done by means of a sheriff's sale, upon proceedings under a mortgage which was on the property, in which Mr. Hennershotz became the purchaser at the sheriff's sale, not on his account, but on account of whoever was interested in the property; and he afterward directed the title to be made to Horace R. Hillegass, who thus took title.

That is the story of the agreement between these parties: That the mother would suffer the property to be conveyed, through the means of this sheriff's sale, to the defendant, her son; that then Horace was to give his bonds, by which he agreed to pay $4,000, the principal of it, on the death of his mother, and the interest of it to the mother during her lifetime; that this sheriff's sale was had and the title vested in this defendant; that the purchase money at the sheriff's sale was settled through the building association money of Mrs. Hillegass, who was the owner of the property; that some $500 or $600 of costs and expenses, incident to the transfer of the title, was to be paid by Horace, which he paid; and that he became the owner of the property the title to which became vested in him.

If you are satisfied from the evidence that this was the agreement, then the plaintiff is clearly entitled to your verdict for $1,000, which was his share of the purchase money of the property, with interest from the death of the mother. The interest on the $4,000 of bonds was to be paid to the mother during her lifetime.

We have no evidence on the other side to contradict this agreement. Some reference has been made to an indebtedness on the part of the mother to her son Horace about their living together, about his keeping the house and supplying its wants, etc., but I ruled in the course of the trial, as you may remember, that whatever occurred between the parties in the lifetime of the mother could not be testified to by Horace, the defendant, because the law prohibits it. Formerly no party in interest could testify, neither the plaintiff nor the defendant nor anybody having an interest in an estate; but the law was afterwards altered so as to permit parties in interest to testify, except in cases where one of the parties who had been interestd in the matter, or through whom parties derived their titles and estates which were the subject of controversy, had died. Then as

the mouth of one of the parties was closed, so were the mouths of the other parties closed; but this only extended to the events that occurred in the lifetime of the party who had died. All subsequent events could be proved as though there had not been any such prohibition in the law.

Therefore, William George Hillegass could testify to events occurring since the death of his mother, and Horace R. Hillegass could also testify to all events since the death of his mother; but neither could testify to those preceding her death.

The terms of this contract were set forth very clearly by Mr. Barndt, who says that the mother—that is, Mrs. Hillegass—wanted him to take the property in the first place, to give her his bonds for $4,000, and pay all the debts against the property afterwards; that is, he was to allow her $6,000 for the property, and then he was to settle all claims and everything against the estate; and this he agreed to do. I read from his testimony:

*Q.* How was the interest on those bonds to be paid?

*A.* The interest, of course, I was to pay Mrs. Hillegass.

*Q.* When was the principal to be paid?

*A.* At her death; to the four children.

*Q.* How were you to pay that; how was the $4,000 to be divided?

*A.* One thousand dollars to George (that is the plaintiff here), $1,000 to Horace (that is the defendant here), $1,000 to the daughter, and $1,000 to the children of the deceased brother.

So that this arrangement appears to have been an equitable arrangement, so far as Mrs. Hillegass seems to have been concerned, respecting her estate; dividing the proceeds of her property equally after her death among the children.

This statement is further confirmed by the testimony of Mr. Hennershotz, who says, without being able to recall the precise words or the very terms of the agreement, that the arrangement was that Horace Hillegass was to assume the position of Mr. Barndt in the contract, and to pay precisely as Mr. Barndt had agreed to pay. We have clear evidence of what that testimony was; and, if the testimony of these parties satisfies you, there is no reasonable doubt that I can perceive in the case why your verdict should not be rendered in harmony with it.

There is some further confirmatory testimony in the fact that

after the death of Mrs. Hillegass, Mr. Horace R. Hillegass was called upon to make payment to his brother, and that he from time to time promised to pay, alleging that he would settle; not saying exactly what it was, but that he would settle; and that at one time he offered to pay the plaintiff $300.

The defendant was also called on, according to the testimony, by other members of the family, for some further testimony confirmatory of the same state of facts, of his offering to pay, and being willing to do something, after the death of his mother.

From this evidence, if you are satisfied with the evidence, your verdict should be for the plaintiff. Whatever claims Mr. Horace R. Hillegass may have had against his mother, there was a way to settle them, even after her death, if they were not settled in her lifetime, by raising up administration for the mother's estate and proceeding to recover from that estate whatever was his due. It also apears that, during the lifetime of the mother and after the sale of this property, she was entitled to receive from Horace R. Hillegass the interest upon this $4,000 of bonds, which would be $240 a year during her lifetime.

Those are substantially the facts in the case, and therefore it will be for you to say what your verdict shall be.

The jury found for plaintiff and defendant brought error.

*Jos. H. Shoemaker,* for plaintiff in error.—Parol contracts for the sale of land are void at law and in equity, but equity under certain circumstances will enforce such contracts. Story, Eq. Jur. § 1522.

In Pennsylvania, although a parol contract such as would be enforced in equity will be enforced at law, yet the action is in the nature of a proceeding in equity, as a bill for specific performance. Wilson v. Clarke, 1 Watts & S. 554.

There must be equitable grounds shown for recovery in either proceeding, and, if a chancellor would not decree a specific performance, there can be no recovery. Wilson v. Clarke, 1 Watts & S. 554; Creigh v. Shatto, 9 Watts & S. 82.

The defendant's possession under the circumstances is not sufficient to take the case out of the operation of the statute of frauds for two reasons, namely: (1) The possession cannot be referred exclusively to the parol agreement; (2) the defendant was in possession before and at the time of the sheriff's sale.

To account for the possession it is not necessary to presume

the alleged parol agreement to have been made. 3 Pom. Eq. Jur. § 1409.

In order to give weight to the circumstance of possession, it must be possession delivered in pursuance of the parol agreement set up, a possession which cannot be accounted for but by supposing the agreement to have been made. Jones v. Peterman, 3 Serg. & R. 543, 8 Am. Dec. 672; Goucher v. Martin, 9 Watts, 109; Phillips v. Thompson, 1 Johns. Ch. 148; Story, Eq. Jur. 8th ed. §§ 762, 765, note 1; 1 Fonblanque, Eq. B. 1, chap. 3, § 8, note e.

The agreement to be enforced must be clearly proved or charged in the bill, and the acts of part performance must unequivocally appear to relate to the identical contract set up. 4 Kent, Com. *451.

If the defendant enter into possession by a right otherwise than by a contract, the possession will not take the case out of the statute. Jacobs v. Peterborough & S. R. Co. 8 Cush. 224; Story, Eq. Jur. § 763; Wheeler v. Reynolds, 66 N. Y. 227.

Possession before and at the time of the supposed contract and the mere continuation of that possession cannot be considered as possession under such contract. Jones v. Peterman, 3 Serg. & R. 543, 8 Am. Dec. 672; Hill v. Meyers, 43 Pa. 170.

It must be established that possession was taken in pursuance of the contract; that the possession was taken at or immediately after the time the contract was made, and that the change of possession was notorious and had been exclusive, continuous, and maintained. Hart v. Carroll, 85 Pa. 508.

Five years will bar the action. Act of April 22, 1856, § 6 (Purdon's Digest, p. 930); Webster v. Webster, 53 Pa. 161; Clark v. Trindle, 52 Pa. 492; Fricke v. Magee, 15 Phila. 261.

The plaintiff was a stranger to the consideration, and the action should be brought in the name of the promisee or her representatives. Kountz v. Holthouse, 85 Pa. 235; Torrens v. Campbell, 74 Pa. 470; Blymire v. Boistle, 6 Watts, 182, 31 Am. Dec. 458; Commercial Bank v. Wood, 7 Watts & S. 89.

Payment of part or the whole of the purchase money, on a parol sale of land, as it admits of direct compensation, does not take a case out of the statute of frauds. M'Kee v. Phillips, 9 Watts, 85; Parker v. Wells, 6 Whart. 153; Gangwer v. Fry, 17 Pa. 491, 55 Am. Dec. 578.

*W. Horace Hepburn,* for defendant in error.—If the parol agreement is executed, or even so far executed that the parties

cannot be reinstated to their former position, then an action will lie to recover the purchase money. Follmer v. Dale, 9 Pa. 83; McAboy v. Johns, 70 Pa. 9; Walter v. Walter, 1 Whart. 292; Bonner v. Campbell, 48 Pa. 286.

That a sheriff's sale may be adopted by the parties as a means of passing title under a parol agreement of sale, and that an action will lie to recover the price agreed to be paid, has been repeatedly decided. Young v. Stone, 4 Watts & S. 49; Savage v. Everman, 70 Pa. 320, 10 Am. Rep. 676; Rease v. Crowley, 4 Phila. 97; Williams v. Com. 37 Phila. Leg. Int. 85; Young v. Snyder, 2 Phila. 315.

So, an agreement made by a sheriff's vendee at the time of sale, that he will take the property subject to a certain encumbrance, is binding and can be enforced. Stackpole v. Glassford, 16 Serg. & R. 167; Ashmead v. McCarthur, 67 Pa. 329.

A parol agreement to purchase land for another at a sheriff's sale can be enforced, when founded on a good consideration. So, also, when a trick or artifice is used by means of which the sheriff's vendee gets the legal title. Sweetzer's Appeal, 71 Pa. 271; Boynton v. Housler, 73 Pa. 453; Beegle v. Wentz, 55 Pa. 369, 93 Am. Dec. 762.

The plaintiff was the beneficiary under this agreement made by his brother with the mother; the sum for which this suit was brought was by the terms of the agreement payable to him at and upon his mother's death; therefore, no one but him could maintain an action for it, and that in his own name. Blymire v. Boistle, 6 Watts, 182, 31 Am. Dec. 458; Merriman v. Moore, 90 Pa. 81; Rutter's Estate, 13 W. N. C. 419.

PER CURIAM:

We do not think that the statute of frauds is applicable to the facts of this case. No question arises as to the validity of the title sold, nor as to the form and effect of the conveyance by which it was transferred.

The contention relates to the payment of the purchase money.

The right of the plaintiff below does not rest on the contract between the vendor and vendee only; but on the super-added agreement of the vendee made with the plaintiff to pay the latter the sum in question.

The case was correctly tried.

Judgment affirmed.